RANDY S. GROSSMAN
Acting United States Attorney
BRANDON J. KIMURA
Assistant United States Attorney
California Bar No. 241220
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9614

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20CR1299-AJB |
|---|---|
| Plaintiff, | CONDITIONAL PLEA AGREEMENT |
| v. | |
| JOHN ANGEL RODRIGUEZ, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Brandon J. Kimura, Assistant United States Attorney, and defendant, John Angel Rodriguez ("Defendant"), with the advice and consent of Diane Regan, counsel for Defendant, as follows:

I

**THE PLEA**

**A. THE CHARGE**

Defendant agrees to plead guilty to Counts 2 and 3 of the *Superseding* Indictment charging Defendant with:

Count 2
On or about February 14, 2020, within the Southern District of California, defendant JOHN ANGEL RODRIGUEZ, in furtherance of a drug trafficking crime, namely possessing with the intent to distribute methamphetamine as charged in Count Three, did knowingly possess a firearm, that is, a stainless steel .45 caliber Smith and Wesson revolver, bearing serial number

Plea Agreement　　　　　　　　　　　　　　　　　　　　　　　Def. Initials _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　20CR1299-AJB

178571; and a black Sig Sauer AR-15 style .223 caliber rifle bearing no serial number; in violation of Title 18, United States Code, Section 924(c)(1)(A) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Count 3

On or about February 14, 2020, within the Southern District of California, defendant, JOHN ANGEL RODRIGUEZ, did knowingly and intentionally possess with intent to distribute 50 grams and more, to wit: approximately 148 grams (0.326 pounds), of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1).

In addition, Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

**B. CONDITIONAL PLEA**

Defendant is entering a conditional plea of guilty to the Indictment pursuant to Federal Rule of Criminal Procedure 11(a)(2), with the express purpose of reviewing on appeal the following adverse ruling of the district court:

1. The district court's denial of the Defendants' motion to suppress evidence based on the search of the vehicle and residence [ECF Docket Entry 87]. Defendant is limited to the arguments raised in the motion to suppress, contained at ECF Docket Entry 70.

Defendant agrees that he may appeal the district court's denial of the above motion and is limited to the arguments made in the pleadings and hearings in the motions listed above. On appeal, Defendant may use any fact within the record, statute or case law to support ~~her~~ his arguments. No other motions or arguments are preserved for appeal. Defendant acknowledges that the United States may support the district court's rulings on appeal, on any ground raised in the district court.

Defendant acknowledges and agrees that if he does not prevail on his appeal of the district court's denial of the motion listed above, he will not be allowed to withdraw his plea of guilty to the Indictment.

Plea Agreement  2  Def. Initials _____
20CR1299-AJB

## II

## **NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty has the following elements:

<u>Count 2 3</u>

1. First, the defendant knowingly possessed methamphetamine; and

2. Second, the defendant possessed the methamphetamine with the intent to deliver it to another person.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of methamphetamine (actual) involved in the offense was at least 50 grams or more.

<u>Count 3 2</u>

1. The defendant committed a drug trafficking crime;

2. The defendant knowingly possessed a firearm; and

3. Third, the defendant possessed the firearm in furtherance of the drug trafficking crime.

As to the forfeiture, Defendant understands the Government would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture were firearms and ammunition involved in the offense.

B. *ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS*

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. That on or about February 14, 2020, Defendant knowingly possessed, within the Southern District of California, a stainless steel .45 caliber Smith and Wesson revolver, bearing serial number 178571; and a black Sig Sauer AR-15

Plea Agreement     3     Def. Initials _____
20CR1299-AJB

style .223 caliber rifle bearing no serial number (the "firearms"), in the Southern District of California;

2. On that date, Defendant knowingly possessed 148 grams of methamphetamine (actual) in the Southern District of California, with the intent to distribute it to another person;

3. That the firearms Defendant possessed on or about February 14, 2020, was to protect himself during his drug transactions, and therefore was in furtherance of Defendant's possession of methamphetamine with intent to distribute;

4. That on or about February 27, 2020, Defendant knowingly possessed 51.1 grams of methamphetamine (actual) in the Southern District of California, with the intent to distribute it to another person;

5. On the same day, Defendant knowingly possessed, within the Southern District of California, a Savage Arms, Stevens Model 940B, 12-gauge shotgun bearing no serial number, having a shortened barrel under eighteen inches and an overall length under twenty-six inches.

III

**PENALTIES**

Defendant understands that the crime to which Defendant is pleading guilty carries the following penalties:

Count ~~2~~ 3 ~~?~~ *DM* */JM/*

A. a maximum life in prison; and a mandatory minimum 10 years;

B. a maximum $10,000,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E. possible ineligibility for certain Federal benefits.

Count ~~3~~ 2 ~~2nd~~ DMN 

A. a maximum of life in prison, and a mandatory minimum 5 years consecutive to Count 2;
B. a maximum $250,000 fine;
C. a mandatory special assessment of $100 per count; and
D. a term of supervised release of not more than 5 years

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;
B. A speedy and public trial by jury;
C. The assistance of counsel at all stages of trial;
D. Confront and cross-examine adverse witnesses;
E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,
F. Not testify or have any adverse inferences drawn from the failure to testify.
G. Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEachMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to

provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

E. Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

//

//

# VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

# VIII
## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//
//

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [2D1.1] | 32* |
| 2. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 3. | Combination of Circumstances [§ 3E1.1] | -2 |

B.  ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.3 above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Materially breaches this plea agreement in any way.
5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which Defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties agree that Defendant may request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553. The Government may oppose any such downward adjustments, departures and sentence reductions not set forth in Section X, paragraph A above.

//
//

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY AND SUPERVISED RELEASE

The parties have **no** agreement as to Defendant's Criminal History Category or the length and terms of his supervised release.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend no more than the mandatory minimum of 180 months' total custody.

G. SPECIAL ASSESSMENT/FORFEITURE

1. Special Assessment.

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Forfeiture.

Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of his term of supervised release and has fully paid and satisfied any special

assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except for (1) the district court's denial of Defendants' Motion to Suppress Evidence as listed in Section IB of this plea agreement; and (2) file a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If Defendant breaches this plea agreement, at any time, in any way, including, but not limited to, the reasons set forth in section X.B. above, or, appealing or collaterally attacking the conviction or sentence, the Government may prosecute Defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by Defendant pursuant to this plea agreement in any such prosecution.

## XII

## **BREACH OF THE PLEA AGREEMENT**

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any lawful court order related to this case;
6. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this

agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### XIII

### ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

### XIV

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and his counsel did not advise his about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

10/22/2021
DATED

BRANDON J. KIMURA
Assistant U.S. Attorney

10/19/21
DATED

DIANE REGAN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

10-19-21
DATED

JOHN ANGEL RODRIGUEZ
Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 20cr1299 |
| Plaintiff, | ) ) | **CONSENT TO RULE 11 PLEA IN A FELONY CASE BEFORE UNITED STATES MAGISTRATE JUDGE** |
| v. | ) ) | |
| John Angel Rodriguez | ) ) | |
| Defendant. | ) ) | |

I have been advised by my attorney and by the United States Magistrate Judge of my right to enter my plea in this case before a United States District Judge. I hereby declare my intention to enter a plea of guilty in the above case, and I request and consent to have my plea taken by a United States Magistrate Judge pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

I understand that if my plea of guilty is taken by the United States Magistrate Judge, and the Magistrate Judge recommends that the plea be accepted, the assigned United States District Judge will then decide whether to accept or reject any plea agreement I may

1

have with the United States and will adjudicate guilt and impose sentence.

I further understand that any objections to the Magistrate Judge's findings and recommendation must be filed within 14 days of the entry of my guilty plea.

Dated: 10-19-21

_____
Defendant

Dated: 10/19/21

_____
Attorney for Defendant

The United States Attorney consents to have the plea in this case taken by a United States Magistrate Judge pursuant to Criminal Local Rule 11.1.

Dated: 10/22/2021

_____
Assistant United States Attorney

2